IN RE PETITION FOR REINSTATEMENT OF FLECK.

(D. D. No. 19—Decided February 9, 1972.)

*Messrs. Kahn, Kleinman, Yanowitz & Arnson* and *Mr. Bennett Yanowitz,* for petitioner.

*Per Curiam.* Petitioner, Charles Fleck, was indefinitely suspended from the practice of law by this court in December 1961 (172 Ohio St. 467). Petitioner and his two sons were associated in partnership in the practice of law. The three were charged with solicitation of professional employment. Petitioner was not found by the court to have individually participated in the solicitation, but he was found to have had knowledge of such activity; that, as a member of the firm, he accepted benefits accruing therefrom and, by such conduct, ratified the unethical manner of operation by the law firm.

From the evidence presented to the board, petitioner has had no gainful employment since his suspension; he has lived on income derived from investments made prior to and after his suspension. Petitioner has spent his time and efforts with educational, charitable and philanthropic organizations in his community.

At the hearing, several lawyers, prominent businessmen and community leaders testified in his behalf. In addition, letters to the panel were received from several members of the judiciary and lawyers in the Cuyahoga County area which were made a part of the board's report.

All of the testimony admitted into the record is to the effect that petitioner is a man of fine character, a competent and proper person to be readmitted to the Bar, and a good family man. All witnesses testified that in their opinion there would be little likelihood that petitioner would again conduct himself in a manner that would cause suspension.

Petitioner testified that since his suspension he has kept up with developments in the law in recent years by reading various current legal publications; that if permitted to reenter the practice he would not again participate in conduct which caused his suspension; that he would not engage in workmen's compensation matters but would conduct a restricted general practice by himself.

Peter P. Roper, Executive Director of the Cleveland Bar Association, testified on behalf of the association:

"* * * They (Trial Committee) did not oppose the reinstatement [of Charles Fleck] and that there was no statement made as to favoring the reinstatement.

"Beyond that we wanted to make it clear also that the position of the Bar Association at this hearing should not reflect in any way or should not forecast in any way what our position would be as to possible application for reinstatement by other members of the same firm."

Based upon the evidence before it, the board concluded that Charles Fleck has been rehabilitated and possesses the moral character required for admission to the practice of law. The board recommended to this court that the application for reinstatement of petitioner, Charles Fleck, be granted and that he be readmitted without being required to pass a bar examination, pursuant to Section (26), Rule XVIII, of the Rules of Practice of the Supreme Court of Ohio.

The entire record in this proceeding convinces us that, based upon the uncontradicted testimony presented to the board, and there being no objection presented in opposition to petitioner's application, the recommendation of the board should be approved and adopted.

84

It is therefore ordered that petitioner, Charles Fleck, be admitted to the practice of law without being required to pass a bar examination.

*Judgment accordingly.*

O'Neill, C. J., Schneider, Herbert, Corrigan, Stern, Leach and Brown, JJ., concur.